IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DEREK LINCOLN,[1] | § |
| | § No. 169, 2024 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK99-04609 |
| TAYLOR OXLEY, | § Petition Nos. 23-07629 |
| | § 23-01971 |
| Petitioner Below, Appellee. | § |

Submitted: December 20, 2024
Decided: February 13, 2025

Before **SEITZ**, Chief Justice**; VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant ("Father") and the appellee ("Mother") are the parents of a child born in 2013 (the "Child"). In July 2019, the Family Court entered a post-trial order providing that the parents would have joint legal custody of the Child and her older sibling (the "Sibling");[2] the Child would primarily reside with Mother; and the Child would visit with Father on alternating weekends. In 2023, Father filed a petition for a rule to show cause alleging that Mother was preventing the Child from

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] The sibling was seventeen years old when the 2019 order was entered. The petitions at issue in this appeal relate only to the younger Child.

visiting with Father.  Mother filed an answer to Father's petition and a petition to modify the custody order; among other things, she alleged that the Child had witnessed Father perpetrating an act of domestic violence against the Sibling.

(2)     After a case management conference in June 2023, the Family Court scheduled a hearing on the parties' petitions for January 16, 2024, at 1:00 p.m. Father did not appear for the January 2024 hearing.  Instead, at the time the hearing was scheduled to begin, he called the Family Court call center to request a continuance.  The request was relayed to the presiding judge, who denied the request and then proceeded with the hearing.  The court heard testimony from Mother, the Sibling, and the Child's mental health counselor.  On March 25, 2024, the court entered an order dismissing Father's petition and awarding Mother sole custody of the Child.  The order provided that Father's contact with the Child would be as recommended by the Child's mental health counselor, with supervision provided by a person or entity agreed upon by the parties.

(3)     Father has appealed to this Court.  He argues that the Family Court erroneously denied his request for a continuance; the custody hearing was "fraught with lies;" and Mother and the Family Court have interfered with his efforts to be a good father.

(4) On appeal, this Court reviews the Family Court's factual and legal determinations as well as its inferences and deductions.[3] We review legal rulings *de novo*.[4] This Court will not disturb the trial court's findings of fact unless they are clearly erroneous and justice requires that they be overturned.[5] "The judgment of the Family Court must be affirmed when the inferences and deductions upon which it is based are supported by the record and are the product of an orderly and logical deductive process."[6]

(5) When considering a motion to modify a custody order, the Family Court must consider the best-interest factors of 13 *Del. C.* § 722.[7] Moreover, when adopting a visitation schedule that does not permit the child to have frequent and meaningful contact with both parents, the court must "find[], after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair such child's emotional development."[8]

---

[3] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] *Id.* at 752-53.
[7] *Pack v. McBride*, 2022 WL 40220, at *1 (Del. Jan. 3, 2022); *see also* 13 *Del. C.* § 729(c)(2) (providing that if a motion to modify legal custody or primary residence is filed more than two years after the Family Court's most recent order concerning such matters, the court may modify the prior order after considering whether the child is likely to be harmed by the modification, the parents' compliance with prior orders and their duties and responsibilities, and the best-interest factors).
[8] 13 *Del. C.* § 728(a).

(6) After careful consideration, we find no reversible error in the Family Court's judgment. As an initial matter, we find no abuse of discretion in the Family Court's denial of Father's last-minute motion for a continuance.[9] Also, as the Family Court noted at the conclusion of the hearing, Father could have moved to reopen the judgment under Family Court Rule of Civil Procedure 60(b).[10]

(7) Because Father did not appear for the hearing, he did not present any evidence to counter Mother's testimony or the other testimony and evidence presented to the Family Court. Although the Family Court's order did not explicitly refer to the enumerated best-interest factors, the court did explicitly find that it was in the Child's best interests that Mother have sole custody and implicitly considered the best-interest factors in reaching that conclusion.[11] In the order, the court found that: (i) Mother honored Father's alternating weekends until August 20, 2021;[12] (ii) the Child then reported to Mother that she witnessed Father committing an act of

---

[9] *Cf. Short v. Short*, 2009 WL 3367067, at *1 (Del. Oct. 20, 2009) (finding no abuse of discretion in Family Court's denial of motion for continuance of custody hearing filed one month after the notice of hearing issued and one week before the scheduled hearing).

[10] *See* Transcript of January 16, 2024 Proceedings, at 78:10-17 (stating that Father would have "a right to move to set aside the order because it's entered as a default"); *see also Pack*, 2022 WL 40220, at *2 ("To the extent the Father has an explanation for his failure to appear for the March 11, 2021 hearing, he must first present that claim to the Family Court through a motion to reopen the judgment under Family Court Civil Rule 60(b).").

[11] *See Spence v. Div. of Family Servs.*, 2003 WL 329590, at *3 (Del. Feb. 11, 2003) ("Although the trial judge did not list the applicable factors in the best interest of the child analysis, he clearly applied them."); *see also Richards v. Gibson*, 2005 WL 2219225, at *2 (Del. Aug. 15, 2005) ("This Court has held that a trial judge generally need not explicitly address each listed factor when applying Section 722.").

[12] 13 *Del. C.* § 722(a)(6).

domestic violence against the Sibling during the Child's last visit with Father, and the older sibling also testified about the event in question;[13] (iii) the Child receives mental health treatment to address trauma she experienced at Father's home;[14] (iv) the Child's therapist testified that reintroducing Father into the Child's life would be detrimental to the Child and recommended that Father's contact with the Child be supervised;[15] (v) the Child does very well in an accelerated learner program at school, participates in tennis and swimming, and has several friends;[16] (vi) the Child and Mother live with Mother's significant other, who offers the Child love and support and reads with the Child, and the significant other's mother visits frequently;[17] and (vii) Mother sought sole and exclusive custody, with visitation with Father as determined appropriate by the Child's therapist, and Father failed to appear.[18]

(8) In the context of the evidence before it in default of Father's appearance, the Family Court appropriately, albeit implicitly, applied the best-interest factors when modifying the custody arrangement and determined that Father's future contact should be as recommended by the Child's therapist. We therefore conclude that the Family Court's decision should be affirmed. To the

---

[13] *Id.* § 722(a)(3), (7).
[14] *Id.* § 722(a)(5).
[15] *Id.* § 722(a)(3), (5).
[16] *Id.* § 722(a)(4).
[17] *Id.* § 722(a)(3), (4).
[18] *Id.* § 722(a)(1).

extent that Father and the Child make therapeutic progress toward reunification, "[a]n order concerning visitation may be modified at any time if the best interests of the child would be served thereby in accordance with the standards set forth in § 728(a)."[19]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[19] *Id.* § 729(a).